# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT WILLIAM TUNSTALL, JR.,        No. 2:16-cv-2604-KJM-CMK-P

    Plaintiff,

  vs.                                            ORDER

JOSEPH BICK, et. al.,

    Defendants.

_____/

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are several motions[1] for the appointment of counsel (Docs. 8, 13, 15, 19).

///

---

[1] To the extent plaintiff continues to provide the court "evidence" in support of his claims, he is informed that this is not the appropriate time to submit such evidence. The time for submission of evidence comes later in a case, either in support of a motion for summary judgment or at trial. Therefore, any submission of evidence at this point in this action will not be addressed by the court. In addition, attempting to add claims to this action through a motion to appoint counsel and/or submission of evidence is not an appropriate procedure. Any and all claims must be related, and must be included in a complaint or amended complaint filed. See Fed. R. Civ. Proc. 15.

1

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In the present case, the court does not at this time find the required exceptional circumstances. Plaintiff is no stranger to proceeding on his own in this court. He has filed and prosecuted several cases throughout the years. A review of the filings in this action show that despite any neurological disorders and other disabilities he may have, he has demonstrated sufficient writing ability and legal knowledge to articulate his claims. In addition, at this stage in these proceedings, the undersigned cannot say that there is any likelihood of success on the merits of his claims. Plaintiff's complaint has been dismissed. While leave to amend has been granted, it is unclear at this point whether plaintiff's claim will successfully pass screening, much less if plaintiff will be successful on the merits of those claims.

/ / /

/ / /

/ / /

/ / /

/ / /

1       Accordingly, IT IS HEREBY ORDERED that plaintiff's requests for the
2 appointment of counsel (Docs. 8, 13, 15, 19) are denied.

4  DATED: September 12, 2017

                                                    **CRAIG M. KELLISON**
                                                    UNITED STATES MAGISTRATE JUDGE