IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT WILLIAM TUNSTALL, JR.,  No. 2:16-cv-2604-KJM-CMK-P

    Plaintiff,

  vs.  FINDINGS AND RECOMMENDATION

JOSEPH BICK, et. al.,

    Defendants.

_____/

       Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for injunctive relief (Doc. 3). It is unclear from his motion what relief plaintiff is requesting. The only relief requested is that the court grant plaintiff's complaint. However, as set forth by separate order, the complaint filed in this action is insufficient to state any claim and has been dismissed with leave to amend.

       The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res.

1 Def. Council, Inc., 129 S.Ct. 365 (2008)).  To the extent prior Ninth Circuit cases suggest a lesser
2 standard by focusing solely on the possibility of irreparable harm, such cases are "no longer
3 controlling, or even viable."  Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046,
4 1052 (9th Cir. 2009).  Under Winter, the proper test requires a party to demonstrate: (1) he is
5 likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an
6 injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public
7 interest.  See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374).  In addition, the court
8 is unable to issue an order against individuals who are not parties to a suit pending before it.  See
9 Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).

In this case, plaintiff has failed to meet the requirements of Local Rule 231(c)(4).
In his motion, plaintiff did not include an affidavit in support of the existence of an irreparable
injury.  Certainly not receiving proper medical care, which appears to be the crux of this action,
could lead to irreparable injury.  However, it also appears that the medical issues plaintiff is
having are on-going issues which do not appear to be urgent and leading to irreparable injury.
Without the affidavit, the undersigned is unable to properly assess the existence of such.

As to the likelihood of success on the merits of plaintiff's claims, the undersigned
has found plaintiff's complaint deficient, and has ordered him to file an amended complaint
which sufficiently states a claim.  As such, at this time there does not appear to be a high
likelihood of success on the merits.  As to the balance of hardships, plaintiff offers no reason why
the balance would tip in his favor. Requiring specific treatment could be a significant hardship
on the prison, especially if the specific treatment plaintiff is requesting is not medically
necessary. Finally, the undersigned sees no public interest in requiring plaintiff be provided
specific medical treatment in this situation, where it is unclear from the record what treatment is
sought and whether such treatment is medically necessary.

/ / /

/ / /

1 | Accordingly, plaintiff fails to make the required showing for a temporary
2 | restraining order at this time.  His motion for such should be denied.
3 | Based on the foregoing, the undersigned finds plaintiff fails to make the required
4 | showing for a temporary restraining order and recommends that his motion (Doc. 3) be denied.
5 | These findings and recommendations are submitted to the United States District
6 | Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days
7 | after being served with these findings and recommendations, any party may file written
8 | objections with the court.  Responses to objections shall be filed within 14 days after service of
9 | objections.  Failure to file objections within the specified time may waive the right to appeal.
10 | See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  September 12, 2017

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE