IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT WILLIAM TUNSTALL, JR.,            No. 2:16-cv-2604-KJM-CMK-P

      Plaintiff,

  vs.                                                        ORDER

JOSEPH BICK, et. al.,

      Defendants.

      Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's amended complaint (Doc. 26). Plaintiff's original complaint was dismissed as insufficient to state a claim, but he was granted leave file an amended complaint.

      As plaintiff was previously informed, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28

U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

### I. PLAINTIFF'S ALLEGATIONS

In his amended complaint, plaintiff attempts to state his claim in more detail.  He did not, however, heed the court's advisements as to what is necessary to state a claim.  In his amended complaint, he continues to allege that he has been denied medical treatment that he was granted through the 602 inmate appeal process.  He also alleges his due process rights were violated during a Rules Violation Report (RVR) hearing, and that some of his 602 inmate grievances have not been responded to.  However, he continues to name only those individuals involved in reviewing his inmate grievances, and he continues to include unrelated claims in his amended complaint.

Specifically, he alleges that defendants Andresen, Adams, Elam, Bick and Brodenhamer each granted one of plaintiff's 602 inmate appeals, but have failed to provide the treatment allowed in the grievance.  He also alleges defendants Lewis, Milsap and Briggs did not adequately or timely respond to his grievances.  Finally, he alleges defendants Artis, Zamora, Hayes, George and Gomez denied his due process rights relating to his RVR hearing.

/ / /

/ / /

**II. DISCUSSION**

Plaintiff's amended complaint suffers from several defects that were pro-actively addressed in the court's prior screening order. This includes his attempt to include unrelated claims, his attempt to state a claim for alleged acts he cannot state a claim for, and naming the incorrect defendants for potential violations.

A. Unrelated Claims

As plaintiff was previously informed, unrelated claims against unrelated defendants do not belong in the same complaint. The Federal Rules of Civil Procedure allow a party to assert "as many claims as it has against an opposing party," but does not provide for unrelated claims against several different defendants to be raised on the same action. Fed. R. Civ. Proc. 18(a). "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Therefore, to the extent plaintiff continues to allege violations relating to his medical care and his due process rights, those cannot be contained in the same action. Plaintiff must chose which claim to continue with in this action. If plaintiff files a second amended complaint and continues to raise unrelated claims, the court will dismiss the unrelated claims. Plaintiff must separate unrelated claims into separate actions.

B. Inmate Grievances

Plaintiff also attempts to state claims which are not recognized rights. Specifically, plaintiff's allegations regarding the handling of his inmate grievances do not violate his due process rights. As plaintiff was informed, prisoners have no stand-alone due process rights related to the administrative grievance process. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance process). Because there is no right to any particular grievance process, it is impossible for due process to have been violated by

ignoring or failing to properly process grievances. Numerous district courts in this circuit have reached the same conclusion. See Smith v. Calderon, 1999 WL 1051947 (N.D. Cal 1999) (finding that failure to properly process grievances did not violate any constitutional right); Cage v. Cambra, 1996 WL 506863 (N.D. Cal. 1996) (concluding that prison officials' failure to properly process and address grievances does not support constitutional claim); James v. U.S. Marshal's Service, 1995 WL 29580 (N.D. Cal. 1995) (dismissing complaint without leave to amend because failure to process a grievance did not implicate a protected liberty interest); Murray v. Marshall, 1994 WL 245967 (N.D. Cal. 1994) (concluding that prisoner's claim that grievance process failed to function properly failed to state a claim under § 1983). Thus, plaintiff's amended complaint fails to state a claim regarding the handling of his inmate grievance, and therefore fails to state a claim against Lewis, Milsap and Briggs . This claim is not subject to amendment, as no additional facts can be alleged in which to state a due process claim relating to the handling of his inmate grievances.

### C. Medical Treatment

To the extent plaintiff is attempting to state a claim for violation of his Eighth Amendment rights regarding the failure to provide medical treatment, his amended complaint fails to cure the defects noted in the court's prior order. Again, plaintiff was previously informed that the treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two

requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Here, plaintiff alleges several defendants, Andresen, Elam, Adams, Bick and Bodenhamer, have granted relief in 602 inmate grievances, which have requested medical treatment including neurological therapy and dementia treatment. However, he claims he has not received the treatment he has been granted. To the extent plaintiff's claim indicates the inmate grievance process, as discussed above, he cannot state a claim. To the extent he is attempting to state an Eighth Amendment claim for denial of treatment, his claim remains unclear. Plaintiff indicates that he had brain surgery and after the surgery, he became verbally aggressive. Apparently, he has received RVRs due to his aggressive behavior. However, he does not plead specific facts as to what his condition is, what treatment was denied, and who denied him the necessary treatment. Again, the Eighth Amendment is only implicated where the plaintiff has a serious medical condition that requires treatment, and the defendant has acted with deliberate indifference. Without facts alleging what his condition is and what treatment was required, the court cannot properly evaluate this claim.

Similarly, plaintiff has named several individuals involved in the 602 inmate grievance process as defendants to this claim. However, the facts alleged all indicate that the named defendants granted plaintiff the treatment requested. While he indicates he did not receive the treatment, he fails to allege who is responsible for providing that treatment and who denied him. While it appears that a few of the named defendants are in the medical or related department, it is not clear from the amended complaint that the individuals named were actually the ones who denied plaintiff the treatment he claims was necessary. Rather, they each apparently found treatment should be ordered. However, it is possible that an individual

reviewing a 602 inmate grievance may not have any authority to order treatment. Therefore, based on the facts alleged in the amended complaint, it is unclear whether any of the named individuals were the ones who actually denied plaintiff treatment. The burden is on the plaintiff to name the proper defendants in his complaint, and only an individual who "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). The allegations in the amended complaint are too vague and conclusory for the court to find any of the defendants acted with deliberate indifference to deny plaintiff necessary treatment for a serious medical condition. The defects in this claim, however, are subject to cure and plaintiff will be provided one more opportunity to allege facts sufficient to state a claim. However, as discussed, plaintiff will need to decide whether to proceed in this action on this claim.

### D. Due Process

Finally, plaintiff alleges his due process rights relating to his RVR hearings have been violated. Specifically, he alleges defendants Artis and Zamora denied his request for dismissal of an RVR plaintiff received. He also alleges defendants Hayes, George and Gomez denied his due process rights during the RVR hearing.

Plaintiff was fully informed in the prior court order what it takes to state a claim for denial of Due Process. Specifically as to disciplinary proceedings, due process requires prison officials to provide the inmate with: (1) a written statement at least 24 hours before the disciplinary hearing that includes the charges, a description of the evidence against the inmate, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional security; and (3) legal assistance where the charges are complex or the inmate is illiterate. See Wolff v.

McDonnell, 418 U.S. 539, 563-70 (1974). Due process is satisfied where these minimum requirements have been met, and where there is "some evidence" in the record as a whole which supports the decision of the hearing officer. See Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994); Superintendent v. Hill, 472 U.S. 445, 455 (1985). The "some evidence" standard is not particularly stringent and is satisfied where "there is any evidence in the record that could support the conclusion reached." Hill, 472 U.S. at 455-56. However, a due process claim challenging the loss of good-time credits as a result of an adverse prison disciplinary finding is not cognizable under § 1983 and must be raised by way of habeas corpus. See Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997).

Plaintiff contends his due process rights have been violated, but his conclusory allegations do not set forth how the due process prisoners are entitled to in relation to prison disciplinary proceedings has been violated. Plaintiff states he is filing suit against defendants Artis and Zamora for "denying to dismiss" an RVR. The allegations against defendants Hayes, George and Gomez are just as vague and conclusory; plaintiff alleges he was denied his Miranda rights, right to an attorney, and was not provided a copy of the notice sent to the District Attorney's office. He does not, however, explain how the Due Process rights to notice and an opportunity to present evidence were violated. As stated above, vague and conclusory allegations are insufficient to state a claim. However, these defects are potentially curable, and plaintiff will also be provided one more opportunity to file an amended complaint regarding this claim. However, as explained above, plaintiff will need to decide whether to proceed in this action on his Due Process violation claim or his denial of medical treatment claim. As these are unrelated claims, they cannot be brought in the same action.

### III. CONCLUSION

Plaintiff's amended complaint contains unrelated claims which must be brought, if at all, in separate actions. Plaintiff must choose which claim to proceed on in this action. In addition, the claims alleged in the amended complaint remain vague and conclusory, and are

7

insufficient to state a claim.  Because it appears possible that some of the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

Plaintiff is referred to the court's prior order for additional guidance on what is required to state a claim.  However, he is reminded that to state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations.  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how

each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson, 588 F.2d at 743.

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed with leave to amend; and

2. Plaintiff shall file an amended complaint within 30 days of the date of service of this order.

DATED: January 16, 2018

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE