IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT WILLIAM TUNSTALL, JR., | No. 2:16-cv-2604-KJM-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION |
| JOSEPH BICK, et. al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are several motions plaintiff has filed (Docs. 12, 14, 17, 20, 28). The court interprets these motions as additional motions for injunctive relief.

In this action, plaintiff's original complaint was deficient and was dismissed with leave to amend. Plaintiff then filed an amended complaint, which has also been dismissed for failure to state a claim and for inclusion of unrelated claims. Plaintiff has, however, been provided another opportunity to amend his complaint. The claims raised in this case include denial of medical treatment and violation of his due process rights relating to a hearing on a Rules Violation Report (RVR).

In his current motions, plaintiff indicates he has been denied physical access to the law library, which he was allowed at his prior place of confinement. He also indicates that the conditions at CSP-Corcoran are making his mental health condition worse. He is requesting a court order allowing him physical access to the law library. He also appears to be requesting a transfer to another prison.

As plaintiff has been informed, the legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)). To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest. See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374). In addition, the court is unable to issue an order against individuals who are not parties to a suit pending before it. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).

The undersigned notes that the issue of plaintiff having physical access to the law library has been addressed in one of plaintiff's other active cases.[1] In case number 2:16-cv-2665-JAM-DB, the court ordered the Office of the California Attorney General to contact the Litigation Coordinator at CSP-Corcoran to determine whether plaintiff has access to the law library, legal materials and photocopying. By special appearance, the Attorney General's Office

---

[1] The court may take judicial notice of its own records. See Chandler v. U.S., 378 F.2d 906, 909 (9th Cir. 1967).

responded, providing declarations of the litigation coordinator and senior librarian at CSP-Corcoran, which explained plaintiff's current situation at CSP-Corcoran. It was explained that plaintiff is physically unable to access the law library due to his housing in a restricted medical housing unit due to his medical status. However, plaintiff has access to the law library via the law library paging procedure, under Title 15, Section 3123(c)(2). The court in that case found that plaintiff failed to explain why the paging procedure is inadequate and thus determined plaintiff has sufficient access to legal materials through the prison paging system. The undersigned finds no reason to determine differently. Plaintiff's request for physical access to the prison law library does not explain why the paging system is inadequate. Plaintiff's motion should therefore be denied.

In addition, the claims raised in this case relate to plaintiff's medical treatment and/or due process rights. There are no claims raised in this case relating to being denied access to the courts and/or the law library. The apparent defendants to such claims would necessarily not be the defendants named in this case. Similarly, the prison officials who control plaintiff's movement and/or access to the law library, and thus who the court would be required to direct if the court were to grant plaintiff's request, are not parties to this action. Thus, the court has no jurisdiction over such prison officials. The motion should be denied on this ground as well.

To the extent plaintiff is requesting a transfer and/or better custody conditions, his request fails on the same grounds. Claims relating to his being transferred to his current place of confinement and/or the conditions therein are not raised in this action. Similarly, the defendants to this action would not appear to be the appropriate prison officials to issue any orders relating to such claims. In addition, plaintiff fails to show he has any rights to dictate where he is confined. "Transfer to less amenable quarters for non-punitive reasons has been held to be 'ordinarily contemplated by a prison sentence.'" Chappell v. Mandeville, 706 F.3d 1052, 1063 (9th Cir. 2013) (quoting Hewitt v. Helms, 459 U.S. 460, 468 (1983)); see also, Wilkinson v. Austin, 545 U.S. 209, 221 (2005) (explaining that "[t]he Constitution itself does not give rise to a

liberty interest in avoiding transfer to more adverse conditions of confinement").

Finally, plaintiff has failed to meet the requirements of Local Rule 231(c)(4) in that he fails to show irreparable injury. Plaintiff has the ability to access the prison law library via the paging system. He has not shown his physical presence in the library is required to avoid irreparable injury.

Based on the foregoing, the undersigned finds plaintiff fails to make the required showing for a temporary restraining order and recommends that his motions (Docs. 12, 14, 17, 20, 28) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 23, 2018

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE