IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT WILLIAM TUNSTALL, JR.,

Plaintiff,

v.

JOSEPH BICK, et al.,

Defendants.

No. 2:16-CV-2604-KJM-DMC-P

ORDER

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's third amended complaint (ECF No. 57, docketed as plaintiff's second amended complaint). Plaintiff alleges Defendants violated his rights under the Americans with Disabilities Act (ADA) as well as his First Amendment, Eighth Amendment, and Fourteenth Amendment rights under the United States Constitution.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1

## I. SCREENING REQUIREMENT AND STANDARD

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

The Federal Rules of Civil Procedure require complaints contain a "…short and plain statement of the claim showing that the pleader is entitled to relief." See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (quoting Fed. R. Civ. P. 8(a)(1)). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal–Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and are afforded the benefit of any doubt. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572F.3d at 969.

/ / /

/ / /

/ / /

/ / /

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following Defendants: (1) Joseph Bick (2) Nathaniel K. Elam (3) Michael Felder (4) J. Lewis (5) J. Spaulding (6) Lt. Lee (7) Balanon (8) Doss (9) Spada (10) D. Britton (11) E. Spata (12) T. Camper (13) S. Perez (14) M. Hemenez (15) Rabbon (16) S. Spaulding (17) C. Lacy (18) C. Burnett (19) F. Enyeart (20) J. Vernon (21) M. Crum (22) J. Kelly (23) Baker (24) D. Rodgers (25) Doe Defendant "Asian Nurse". See ECF No. 57, at 1-12. Plaintiff's complaint is largely written in a narrative format and none of the claims are clearly identified. In reviewing the complaint, the Court has identified ten claims.

First, Plaintiff alleges Defendants Joseph Bick and Nathaniel K. Elam violated his Eighth Amendment rights to adequate medical care because both Defendants denied Plaintiff treatment for his neurological and medical issues resulting from a prior brain surgery. Id. at 1-2. Plaintiff alleges Defendants Michael Felder and J. Lewis possessed the authority to inform Warden R. Fox of the denied medical care, but because they failed to do so, they too violated his Eighth Amendment rights to adequate medical care. Id. at 4.

Second, Plaintiff alleges Defendants J. Spaulding and Lt. Lee did not read him his Miranda Rights when he received a Rules Violation Report ("RVR"). Id. at 5-6.

Third, Plaintiff alleges Defendant Balanon violated his Fourteenth Amendment right to Due Process because Defendant Balanon did not meet with Plaintiff before the RVR hearing and was not present during the RVR hearing. Id. at 6. Plaintiff alleges he is entitled to a staff assistant during disciplinary hearings because he is developmentally disabled, and his hearing, vision, and mobility is impaired. Id.

Fourth, Plaintiff alleges Defendants J. Spaulding, Doss, Spada, D. Britton, and E. Spata violated the Americans with Disabilities Act ("ADA") by not using "effective communication" because their correspondence with Plaintiff was not in writing. Id. at 7, 9, 12.

Fifth, Plaintiff alleges Defendant Lee retaliated against him, in violation of his First Amendment rights, by issuing an RVR to Plaintiff because he wanted his Miranda Rights read and an attorney present before a disciplinary hearing commenced. Id. at 7.

Sixth, Plaintiff alleges Defendants T. Camper, S. Perez, M. Hemenez, L. Rabbon,

and S. Spaulding violated his Eighth Amendment right against excessive force. Id. at 8. Plaintiff alleges while he was sitting up on a gurney and "for no just cause," the Defendants attacked and assaulted Plaintiff. Id. at 8-9. Plaintiff also alleges "Asian nurse doe defendant" violated his Eighth Amendment right against excessive force when the Doe Defendant dropped his left knee on Plaintiff's hand, shoved his right knee into Plaintiff's abdomen, and threatened to push Plaintiff off the gurney. Id. at 8. Plaintiff claims he was instructed by the Department of Justice to contact the Federal Bureau of Investigation, and after completing an investigation, all Defendants' employment with the California State Prison were terminated. Id. at 10.

Seventh, Plaintiff alleges Defendants C. Lacy, C. Burnett, F. Enyeart, J. Vernon, M. Crum, and J. Kelly violated his Fourteenth Amendment rights to due process when they did not respond to his 602 grievance forms in a timely manner or provide Plaintiff a notice of delay. Id. at 10.

Eighth, Plaintiff alleges Defendant Baker violated his Eighth Amendment rights when he threatened to physically assault Plaintiff with handcuffs if Plaintiff left his hospital bed again. Id. at 11. Plaintiff alleges he left his hospital bed in the first place to use the restroom. Id.

Ninth, Plaintiff alleges Defendant D. Rodgers violated his Fourteenth Amendment right to due process by falsifying an RVR he issued to Plaintiff that stated he communicated with Plaintiff in writing, although Defendant D. Rodgers is "unable to produce the hand-written notes used at the RVR hearing." Id. at 12.

Tenth, Plaintiff alleges his First Amendment rights were violated because he was denied access to the law library, but does not specifically name a Defendant who denied him access. Id. at 12-13.

### III. DISCUSSION

As currently set forth, this Court finds Plaintiff's complaint cannot entirely pass screening. Plaintiff alleges sufficient facts in his first, third, fourth, fifth, and sixth claims to pass screening, but claims two, seven, eight, nine, and ten fail to pass screening because they do not allege sufficient facts or because they fail to state cognizable claims

**A.     Claim One – Eighth Amendment Adequate Medical Care**

Plaintiff alleges sufficient facts against Defendants Joseph Bick and Nathaniel K. Elam for this claim to pass screening.

**B.     Claim Two – Miranda Rights**

The Fifth Amendment to the United States Constitution provides that "[n]o person...shall be compelled in any criminal case to be a witness against himself[.]" U.S. Const. Amend. V. The Supreme Court has "recognized that custodial interrogations, by their very nature, generate 'compelling pressures which work to undermine the individuals will to resist and to compel him to speak where he would not otherwise do so freely.'" Moran v. Burbine, 475 U.S. 412, 420 (1986) (quoting Miranda, 384 U.S. at 467). To combat these pressures "Miranda imposed on the police an obligation to follow certain procedures in their dealings with the accused." Moran, 475 U.S. at 420; see also Dickerson v. United States, 530 U.S. 428, 435 (2000). Specifically, the Supreme Court has held the Constitution requires:

> that a person questioned by law enforcement officers after being "taken into custody or otherwise deprived of his freedom of action in any significant way" must first "be warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed."

Stansbury v. California, 511 U.S. 318, 322 (1994) (quoting Miranda, 384 U.S. at 444). "An officer's obligation to administer Miranda warnings attaches...only where there has been such a restriction on a person's freedom as to render him in custody." Stansbury, 511 U.S. at 322 (internal quotation marks omitted) (quoting Oregon v. Mathiason, 429 U.S. 492, 495 (1977)).

Pursuant to Miranda, "the prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless" the defendant was advised of his rights and waived them. Miranda, 384 U.S. 436, 444-45. Further, if an individual is not provided a Miranda warning, the prosecution is prevented from using the statements during trial.

Here, Petitioner is asserting his rights were violated because he was not provided a Miranda warning prior to his RVR hearing. As outlined above, Miranda warnings are required

5

during custodial interrogations.  Plaintiff's RVR hearing was not a custodial interrogation.  Nor is an RVR hearing a criminal trial. Rather, it is an administrative procedure organized and run by the state prison.  For that reason, even if Plaintiff was owed a <u>Miranda</u> warning prior to the RVR hearing, the fact that he did not receive one would have no effect on the hearing itself, as it is not a criminal trial.  Because a <u>Miranda</u> warning was not required here, Plaintiff has failed to state a cognizable claim and thus the claim cannot pass screening.

It does not appear possible for Plaintiff to cure this defect through amendment.

### C. **Claim Three – Fourteenth Amendment Due Process**

Plaintiff has pleaded sufficient facts against Defendant Balanon for this claim to proceed past screening.

### D. **Claim Four – Americans with Disabilities Act Violations**

Plaintiff has pleaded sufficient facts for this claim to proceed against Defendants J. Spaulding, Doss, Spada, D. Britton, and E. Spata.

### E. **Claim Five – First Amendment Retaliation**

Plaintiff has pleaded sufficient facts against Defendant Lee for this claim to proceed past screening.

### F. **Claim Six – Eighth Amendment Excessive Force**

Plaintiff has pleaded sufficient facts for this claim to procced against T. Camper, S. Perez, M. Hemenez, L. Rabbon, and S. Spaulding. Assuming the individual identified as "Asian Nurse" can be further identified sufficient for service, the facts pled in the instant action are sufficient for this claim to proceed against that defendant.

### G. **Claim Seven – Prison Grievance Rights**

Prisoners have no stand-alone due process rights related to the administrative grievance process.  See <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir. 1988); see also <u>Ramirez v. Galaza</u>, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance process).  Because there is no right to any particular grievance process, it is impossible for due process to have been violated by ignoring or failing to properly process grievances.  Numerous district courts in this circuit have reached the same conclusion.

See Smith v. Calderon, 1999 WL 1051947 (N.D. Cal 1999) (finding that failure to properly process grievances did not violate any constitutional right); Cage v. Cambra, 1996 WL 506863 (N.D. Cal. 1996) (concluding that prison officials' failure to properly process and address grievances does not support constitutional claim); James v. U.S. Marshal's Service, 1995 WL 29580 (N.D. Cal. 1995) (dismissing complaint without leave to amend because failure to process a grievance did not implicate a protected liberty interest); Murray v. Marshall, 1994 WL 245967 (N.D. Cal. 1994) (concluding that prisoner's claim that grievance process failed to function properly failed to state a claim under § 1983).

Prisoners do, however, retain a First Amendment right to petition the government through the prison grievance process. See Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995). Therefore, interference with the grievance process may, in certain circumstances, implicate the First Amendment. Plaintiff's allegation is not that he was denied access to the prison grievance system or that he was denied the ability to petition the government. Rather, Plaintiff's claim relates to the timeliness of the grievance process. The timeliness of the grievance process does not implicate a liberty interest and thus any issues with grievance process timeliness does not violate the due process clause of the Fourteenth Amendment. See James v. U.S. Marshal's Service, 1995 WL 29580 (N.D. Cal. 1995). For that reason, Plaintiff's due process claim related to the timeliness of the grievance process cannot pass screening. It does not appear possible for Plaintiff to cure this defect through amendment.

**H.** **Claim Eight – Eighth Amendment Threatening**

Allegations of verbal harassment do not state a claim under the Eighth Amendment unless it is alleged that the harassment was "calculated to . . . cause [the prisoner] psychological damage." Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987); see also Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998). The prisoner must show that the verbal comments were unusually gross, even for a prison setting, and that he was in fact psychologically damaged as a result of the comments. See Keenan, 83 F.3d at 1092. "A mere threat may not state a cause of action" under the Eighth Amendment, even if it is a threat against exercising the right of access to the courts. Gaut v. Sunn, 810 F.2d 923, 925

(9th Cir. 1987) (per curiam); see also Corales v. Bennett, 567 F.3d 554, 564-65 (9th Cir. 2009). Verbal harassment intended to humiliate or endanger the inmate, however, may violate the Constitution. See Somers v. Thurman, 109 F.3d 614, 622 (9th Cir. 1997); Keenan, 83 F.3d at 1092; Valandingham v. Bojorquez, 866 F.2d 1135, 1139 (9th Cir. 1989).

Here, Plaintiff only alleges Defendant Baker threatened to physically assault him with handcuffs. There is no allegation or supporting facts that would indicate this was calculated to cause Plaintiff psychological damage. Further, though the alleged threat does give this Court pause, it is not so unusually gross as to cause psychological damage. For these reasons, this claim cannot pass screening. It does not appear possible for Plaintiff to cure this defect through amendment.

**I.    Claim Nine – Fourteenth Amendment Due Process**

The Due Process Clause of the Fourteenth Amendment of the U.S. Constitution protects individuals against governmental deprivations of life, liberty or property without due process of law. Interests that are procedurally protected by the Due Process Clause may arise from two sources: the Due Process Clause itself and laws of the states. See Meachum v. Fano, 427 U.S. 215, 223-27 (1976). In the prison context, these interests are generally ones pertaining to liberty. Changes in conditions so severe as to affect the sentence imposed in an unexpected manner implicate the Due Process Clause itself, whether or not they are authorized by state law. See Sandin v. Conner, 515 U.S. 472, 484 (1995) (citing Vitek v. Jones, 445 U.S. 480, 493 (1980) (transfer to mental hospital), and Washington v. Harper, 494 U.S. 210, 221-22 (1990) (involuntary administration of psychotropic drugs)). Deprivations that are less severe or more closely related to the expected terms of confinement may also amount to deprivations of a procedurally protected liberty interest, provided that the liberty in question is one of "real substance." See Sandin, 515 U.S. at 477-87. An interest of "real substance" will generally be limited to freedom from restraint that imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" or "will inevitably affect the duration of [a] sentence." Id. at 484, 487.

When there is a deprivation of a liberty interest of real substance, the procedural

8

protections to which the prisoner is entitled depend on whether the deprivation results from an administrative decision or a disciplinary decision. If it is an administrative decision, due process requires that prison officials hold an informal nonadversary hearing within a reasonable time after the prisoner is segregated, inform the prisoner of the reason segregation is being considered, and allow the prisoner to present his views. See Toussaint v. McCarthy, 801 F.2d 1080, 1100, 1104-05 (9th Cir. 1986). There also must be some evidence to support the prison officials' decision. Superintendent v. Hill, 472 U.S. 445, 455 (1985). If it is a disciplinary decision, the procedural protections required are: written notice, time to prepare for the hearing, a written statement of decision, allowance of witnesses and documentary evidence when not unduly hazardous, and aid to the accused where the inmate is illiterate, or the issues are complex. Wolff v. McDonnell, 418 U.S. 539, 564-67 (1974). There also must be some evidence to support the disciplinary decision, see Superintendent v. Hill, 472 U.S. at 454, and the information that forms the basis for prison disciplinary actions must have some indicia of reliability. See Cato v. Rushen, 824 F.2d 703, 704-05 (9th Cir. 1987).

The Ninth Circuit has never clarified if false charges can provide the basis for a section 1983 claim. However, courts have generally determined that false charges alone are not actionable under section 1983 because falsely accusing a person of misconduct does not violate a right secured by the Constitution or laws of the United States. These courts have reasoned that the focus of the analysis is on the process required by law and have thus concluded that false accusations do not violate the due process clause of the Fourteenth Amendment so long as the inmate is afforded the procedural protections required by federal law at the disciplinary hearing. See Smith v. Mensinger, 293 F.3d 641, 654 (3rd Cir. 2002); Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986); Hanrahan v. Lane, 747 F.2d 1137, 1140-41 (7th Cir. 1984).

Here, it is unclear if Plaintiff is alleging violations related to the process he was afforded. It is unclear if Plaintiff contends that he was not provided (1) a written statement at least 24 hours before the disciplinary hearing that includes the charges, a description of the evidence against the inmate, and an explanation for the disciplinary action taken; (2) an

opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional security; and (3) legal assistance where the charges are complex or the inmate is illiterate as required by law. See Wolff, 418 U.S. at 563-70. Because such a lack of clarity exists, Plaintiff's claim, as currently pleaded, cannot pass screening.

Though this Court is well aware that many courts generally find allegations of false or fabricated charges inadequate to state a claim under section 1983, this court is hesitant to apply such a strict bar at the screening stage, absent clear direction from the Ninth Circuit. If Plaintiff can allege facts that indicate the false or fabricated charges somehow infected the required procedural processes, Plaintiff may be able to state a claim for relief here. To be clear, this Court is not stating that such allegations, in fact, would necessarily state a claim under section 1983, nor is this Court declining to adopt the principle that allegations of fabrication alone do not state a claim under section 1983. Rather, this Court is noting that should Plaintiff choose to amend his complaint, he may be able to pass the screening stage if he can allege sufficient facts to demonstrate that the false report infected the procedures required under the due process clause of the Fourteenth Amendment.

J. **Claim Ten – First Amendment Access to Courts**

The Federal Rules of Civil Procedure require complaints contain a "…short and plain statement of the claim showing that the pleader is entitled to relief." See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (quoting Fed. R. Civ. P. 8(a)(1)). Claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because a plaintiff must allege, with at least some degree of particularity, overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir.

2009)

Here, Plaintiff has failed to indicate which, if any, of the Defendants violated his First Amendment right by denying him access to the law library. Because Plaintiff has not linked the alleged constitutional violation with any of the named Defendants, this claim cannot pass screening. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Plaintiff will be provided an opportunity to amend. Additionally, due to Plaintiff's pro se status, the Court has provided relevant Fist Amendment law below.

Prisoners have a First Amendment right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977); Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995) (discussing the right in the context of prison grievance procedures). This right includes petitioning the government through the prison grievance process. See id. Prison officials are required to "assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds, 430 U.S. at 828. The right of access to the courts, however, only requires that prisoners have the capability of bringing challenges to sentences or conditions of confinement. See Lewis, 518 U.S. at 356-57. Moreover, the right is limited to non-frivolous criminal appeals, habeas corpus actions, and § 1983 suits. See id. at 353 n.3 & 354-55. Therefore, the right of access to the courts is only a right to present these claims to the court, and not a right to discover claims or to litigate them effectively once filed. See id. at 354-55.

As a jurisdictional requirement flowing from the standing doctrine, the prisoner must allege an actual injury. See id. at 349. "Actual injury" is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim. See id.; see also Phillips v. Hust, 477 F.3d 1070, 1075 (9th Cir. 2007). Delays in providing legal materials or assistance which result in prejudice are "not of constitutional significance" if the delay is reasonably related to legitimate penological purposes. Lewis, 518 U.S. at 362.

/ / /

/ / /

11

# IV. CONCLUSION

Because it may be possible that one or more of the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id. This means, in practical terms, if Plaintiff files an amended complaint he must not only cure the deficiencies identified in this order, but also reallege the cognizable claim(s) discussed in this Court's order

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Further, if Plaintiff chooses to amend the complaint, he is reminded that Rule 8 requires a *short* and *plain* statement, clearly alleging how each individual defendant violated his constitutional rights. In other words, Plaintiff must identify the Defendant, state the constitutional right at issue, and provide facts demonstrating how that defendant violated the stated constitutional right.

///
///
///
///
///
///

Plaintiff's complaint contains some claim that can pass screening, some claims with defects that may be cured through amendment, and some claims with defects that cannot be cured through amendment. Plaintiff, therefore, now has the following choices:

1. Plaintiff may decline to file an amended complaint, in which case the court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims identified above; or

2. Plaintiff may file an amended complaint which does not allege the claims identified herein as incurable, in which case such claims will be deemed abandoned and the court will address the remaining claims; or

3. Plaintiff may file an amended complaint which continues to allege claims identified as incurable, in which case the court will issue findings and recommendations that such claims be dismissed from this action, as well as such other orders and/or findings and recommendations as may be necessary to address the remaining claims.

Accordingly, IT IS HEREBY ORDERED that plaintiff may file a fourth amended complaint within 30 days of the date of this order.

Dated: September 13, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE