IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT WILLIAM TUNSTALL, JR.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOSEPH BICK, et al.,<br><br>　　　　　Defendants. | No. 2:16-CV-2604-KJM-DMC-P<br><br><br><br>ORDER |

　　　　　Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is plaintiff's fourth amended complaint (ECF No. 68).

　　　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the

complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. BACKGROUND

Plaintiff filed his original complaint on November 1, 2016. See ECF No. 1. Plaintiff has amended this complaint four times by order of the court. See ECF No. 26; ECF No. 31; ECF No. 57[1]; ECF No. 68. Plaintiff states he has extreme difficulty reading, writing, and comprehending spoken language due to a developmental disability and extensive brain damage. See ECF No. 68, pgs. 1-2. As a result, plaintiff has faced great difficulty while trying to understand the Court's previous explanations of why his claims were deficient. Id.

The Court issued an order instructing plaintiff to file an amended complaint due to deficiencies in plaintiff's third amended complaint. See ECF No. 60. The Court advised plaintiff that his First Amendment access to court claim and Fourteenth Amendment due process claim regarding false charges could pass screening if amended. See ECF No. 60, pgs. 10-11. Plaintiff otherwise stated a cognizable Eighth Amendment medical care claim, Fourteenth Amendment due process claim, First Amendment retaliation claim, Eighth Amendment excessive force claim, and Americans with Disabilities Act violation. See ECF No. 60, pgs. 4-11. The Court also advised plaintiff that his Fifth Amendment Miranda rights claim, Fourteenth Amendment prison grievance claim, and Eighth Amendment verbal harassment claim could not pass screening even if plaintiff attempted to amend the complaint. Id.

///

///

---

[1] The docket erroneously marks ECF No. 57 as plaintiff's second amended complaint. It is plaintiff's third amended complaint.

## II. DISCUSSION

An amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Because plaintiff amended his third amended complaint, the Court cannot refer to the prior pleading to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

Plaintiff's present fourth amended complaint is far more disorganized and does not rectify the defects in plaintiff's third amended complaint which were amendable to rectification. Plaintiff's present complaint does not address plaintiff's First Amendment access to court claim. Plaintiff's amended complaint also does not remedy the issues with plaintiff's previous Fourteenth Amendment false accusation claims because plaintiff only offers one conclusory statement that defendant Rogers made false allegations. See ECF No. 60, pg. 7.

In addition, many of plaintiff's previously cognizable claims are no longer alleged with sufficient detail to pass screening. For example, plaintiff's third amended complaint states a cognizable Eighth Amendment excessive force claim against "Asian Nurse Doe Defendant" by claiming that "Asian Nurse" dropped her left knee on plaintiff's hand, shoved her right knee on plaintiff's abdomen, and threatened to push plaintiff off a gurney. See ECF No. 60, pg. 4. In his present complaint, plaintiff only makes the conclusory assertions that "Asian Nurse" assaulted him and that she is a terrorist. See ECF No. 68, pgs. 7-8. Plaintiff's fourth amended complaint contains numerous similar instances where plaintiff's new complaint does not allege sufficient factual information to state a cognizable claim. Very few, if any, of plaintiff's claims would pass screening in his fourth amended complaint.

Because plaintiff has not been able to amend the defects in his previous complaints, and because plaintiff's third amended complaint stated some cognizable claims, the Court will provide plaintiff an opportunity to withdraw his current fourth amended complaint, in which event the Court will direct service of the third amended complaint as to the cognizable claims previously identified. If plaintiff elects not to withdraw the fourth amended complaint, the Court will issue findings and recommendations that the action be dismissed for failure to state a

claim upon which relief can be granted.

### III.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that plaintiff may withdraw his Fourth Amended Complaint within 30 days of the date of service of this order, in which event this action shall proceed on plaintiff's third amended complaint filed on June 3, 2019. Absent plaintiff's withdrawal of the Fourth Amended Complaint, the Court will issue Findings and Recommendations relative to the defects in that pleading, and Plaintiff will be provided an opportunity to object thereto.

Dated:  July 22, 2020

                DENNIS M. COTA
                UNITED STATES MAGISTRATE JUDGE