1

2

3

4

5

6

7

8               **IN THE UNITED STATES DISTRICT COURT**

9               **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    ROBERT WILLIAM TUNSTALL, JR.,          No.  2:16-CV-2604-KJM-DMC-P

12                    Plaintiff,

13          v.                                FINDINGS AND RECOMMENDATIONS

14    JOSEPH BICK, et al.,

15                    Defendants.

16

17              Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18    42 U.S.C. § 1983. Pending before the Court is plaintiff's fourth amended complaint (ECF No.

19    68).

20

21                              **I. BACKGROUND**

22              Plaintiff filed his original complaint on November 1, 2016. See ECF No. 1.

23    Plaintiff has amended this complaint four times by order of the Court. See ECF No. 26; ECF No.

24    31; ECF No. 57[1]; ECF No. 68. On September 13, 2019, the Court issued an order instructing

25    plaintiff to file a fourth amended complaint due to deficiencies in plaintiff's third amended

26    complaint. See ECF No. 60. The Court advised plaintiff that his First Amendment access to court

27    ───────────────

28    [1]        The docket erroneously marks ECF No. 57 as plaintiff's second amended
      complaint. It is plaintiff's third amended complaint.

                                        1

claim and Fourteenth Amendment due process claim regarding false charges could pass screening if amended. See ECF No. 60, pgs. 10-11. Plaintiff otherwise stated a cognizable Eighth Amendment medical care claim, Fourteenth Amendment due process claim, First Amendment retaliation claim, Eighth Amendment excessive force claim, and Americans with Disabilities Act violation. See ECF No. 60, pgs. 4-11. The Court also advised plaintiff that his Fifth Amendment Miranda rights claim, Fourteenth Amendment prison grievance claim, and Eighth Amendment verbal harassment claim could not pass screening even if plaintiff attempted to amend the complaint. Id.

On January 6, 2020, plaintiff filed his fourth amended complaint. See ECF No. 68. However, plaintiff's fourth amended complaint was far more disorganized than his previous complaint. Plaintiff not only failed to correct the deficiencies of his third amended complaint, but also failed to articulate claims which the Court had previously found adequately pled. Because the Court was unable to refer back to prior pleadings to make plaintiff's fourth amended complaint complete, see Local Rule 220, the Court issued an order allowing plaintiff to withdraw his fourth amended complaint and proceed on the valid claims of his third amended complaint. See ECF No. 71. The Court also stated that, if plaintiff elected not to withdraw his fourth amended complaint, the Court would issue findings and recommendations that the action be dismissed for failure to state a claim upon which relief can be granted. Id. at 3-4.

On July 30, 2020, plaintiff submitted a response to the voluntary withdrawal order. See ECF No. 72. Plaintiff did not take the opportunity to withdraw his fourth amended complaint and proceed on the third amended complaint which stated cognizable claims appropriate for service. Instead, plaintiff charges, as to the Defendant and the Court, that:

> [They] are Law Enforcement and [their] corruption is endless [sic] and Plaintiff is Garbage and as Garbage has nothing coming. The Court can do whatever the Court wants to do because Plaintiff is nothing but Garbage.

> ECF No. 72, pg. 3.

/ / /

/ / /

/ / /

2

## II. DISCUSSION

In its July 22, 2020 order, the Court screened plaintiff's fourth amended complaint and stated that:

> An amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Because plaintiff amended his third amended complaint, the Court cannot refer to the prior pleading to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.
>
> Plaintiff's present fourth amended complaint is far more disorganized and does not rectify the defects in plaintiff's third amended complaint which were amendable to rectification. Plaintiff's present complaint does not address plaintiff's First Amendment access to court claim. Plaintiff's amended complaint also does not remedy the issues with plaintiff's previous Fourteenth Amendment false accusation claims because plaintiff only offers one conclusory statement that defendant Rogers made false allegations. See ECF No. 60, pg. 7.
>
> In addition, many of plaintiff's previously cognizable claims are no longer alleged with sufficient detail to pass screening. For example, plaintiff's third amended complaint states a cognizable Eighth Amendment excessive force claim against "Asian Nurse Doe Defendant" by claiming that "Asian Nurse" dropped her left knee on plaintiff's hand, shoved her right knee on plaintiff's abdomen, and threatened to push plaintiff off a gurney. See ECF No. 60, pg. 4. In his present complaint, plaintiff only makes the conclusory assertions that "Asian Nurse" assaulted him and that she is a terrorist. See ECF No. 68, pgs. 7-8. Plaintiff's fourth amended complaint contains numerous similar instances where plaintiff's new complaint does not allege sufficient factual information to state a cognizable claim. Very few, if any, of plaintiff's claims would pass screening in his fourth amended complaint.

ECF No. 71, pg. 3.

The Court also stated that:

> If plaintiff elects not to withdraw the fourth amended complaint, the Court will issue findings and recommendations that the action be dismissed for failure to state a claim upon which relief can be granted.

Id. at 3-4.

As discussed above, plaintiff has not elected to withdraw his fourth amended complaint. Therefore, consistent with the Court's prior analysis set forth above, the Court now finds that plaintiff's fourth amended complaint fails to state a cognizable claim and should be dismissed without further leave to amend.

///

1                              **III. CONCLUSION**

2              Because it does not appear that plaintiff is willing to correct the deficiencies

3    identified herein by amending the complaint, plaintiff should be afforded no further leave to

4    amend, and the dismissal of the entire action is appropriate.  See <u>Lopez v. Smith</u>, 203 F.3d 1122,

5    1126, 1131 (9th Cir. 2000) (en banc).

6              Based on the foregoing, the undersigned recommends that plaintiff's action be

7    dismissed without prejudice.

8              These findings and recommendations are submitted to the United States District

9    Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

10   after being served with these findings and recommendations, any party may file written

11   objections with the court.  Responses to objections shall be filed within 14 days after service of

12   objections.  Failure to file objections within the specified time may waive the right to appeal.  See

13   <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

14

15   Dated:  August 5, 2020

16                                              _____
                                                DENNIS M. COTA
17                                              UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28

                                                    4