# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT WILLIAM TUNSTALL, JR., | No. 2:16-CV-2604-KJM-DMC-P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| JOSEPH BICK, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.

Following submission of the operative third amended complaint, the Court issued a screening order. See ECF No. 60. The Court concluded the third amended complaint was sufficient to state cognizable claims as to some defendants but not others. See id. Specifically, the Court stated that Plaintiff alleges sufficient facts in his first, third, fourth, fifth, and sixth claims, but not in his second, seventh, eighth, ninth, and tenth claims. See id. at 4. Plaintiff was provided an opportunity to file a fourth amended complaint to address deficient claims. See id. at 12.

/ / /

/ / /

/ / /

1          Following extensions of time, see ECF Nos. 62 and 65, Plaintiff filed his fourth

2   amended complaint, see ECF No. 68.  In addressing the fourth amended complaint, the Court

3   stated:

> Plaintiff's present fourth amended complaint is far more disorganized and does not rectify the defects in plaintiff's third amended complaint which were amendable to rectification. Plaintiff's present complaint does not address plaintiff's First Amendment access to court claim. Plaintiff's amended complaint also does not remedy the issues with plaintiff's previous Fourteenth Amendment false accusation claims because plaintiff only offers one conclusory statement that defendant Rogers made false allegations. See ECF No. 60, pg. 7.
> In addition, many of plaintiff's previously cognizable claims are no longer alleged with sufficient detail to pass screening. For example, plaintiff's third amended complaint states a cognizable Eighth Amendment excessive force claim against "Asian Nurse Doe Defendant" by claiming that "Asian Nurse" dropped her left knee on plaintiff's hand, shoved her right knee on plaintiff's abdomen, and threatened to push plaintiff off a gurney. See ECF No. 60, pg. 4. In his present complaint, plaintiff only makes the conclusory assertions that "Asian Nurse" assaulted him and that she is a terrorist. See ECF No. 68, pgs. 7-8. Plaintiff's fourth amended complaint contains numerous similar instances where plaintiff's new complaint does not allege sufficient factual information to state a cognizable claim. Very few, if any, of plaintiff's claims would pass screening in his fourth amended complaint.
> Because plaintiff has not been able to amend the defects in his previous complaints, and because plaintiff's third amended complaint stated some cognizable claims, the Court will provide plaintiff an opportunity to withdraw his current fourth amended complaint, in which event the Court will direct service of the third amended complaint as to the cognizable claims previously identified. If plaintiff elects not to withdraw the fourth amended complaint, the Court will issue findings and recommendations that the action be dismissed for failure to state a claim upon which relief can be granted.

ECF No. 71, pgs. 3-4.

21         Plaintiff was provided an opportunity to withdraw the fourth amended complaint

22   and proceed on the cognizable claims alleged in the third amended complaint.  See id. at 4.  On

23   October 1, 2020, Plaintiff filed a notice to withdraw the fourth amended complaint and proceed

24   on the third amended complaint.  See ECF No. 77.  Pursuant to Plaintiff's election, the Court now

25   recommends dismissal of those claims alleged in the third amended complaint which were found

26   defective in the Court's prior screening order for the reasons stated therein.

27   / / /

28   / / /

Based on the foregoing, the undersigned recommends that:

1. Plaintiff's election, ECF No. 77, to withdraw the fourth amended complaint and proceed on the third amended complaint pursuant to the Court's screening order, be approved;

2. This action proceed on Plaintiff's third amended complaint, ECF No. 57, against Defendants Bick, Elam, Balanon, Doss, Spada, Britton, Spata, Lee, Camper, Perez, Hemenez, Rabbon, and Spaulding on the following claims:

   a. Plaintiff's first claim against Defendants Bick and Elam;

   b. Plaintiff's third claim against Defendant Balanon;

   c. Plaintiff's fourth claim against Defendants Spaulding, Doss, Spada, Britton, and Spata;

   d. Plaintiff's fifth claim against Defendant Lee;

   e. Plaintiff's sixth claim against Defendants Camper, Perez, Hemenez, Rabbon, and Spaulding;

3. Plaintiff's second, seventh, eighth, ninth, and tenth claims, and all other defendants be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 25, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE