1

2

3

4

5

6

7

8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    ROBERT WILLIAM TUNSTALL, JR.,              No.  2:16-CV-2604-KJM-DMC-P

12                    Plaintiff,

13          v.                                    FINDINGS AND RECOMMENDATIONS

14    JOSEPH BICK, et al.,

15                    Defendants.

16

17          Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18    42 U.S.C. § 1983.  Pending before the Court is Defendants' motion to revoke Plaintiff's in forma

19    pauperis (IFP) status, ECF No. 116, and Plaintiff's response to Defendant's motion, ECF No.

20    123.

21

22                              **I.  BACKGROUND**

23          On November 1, 2016, Plaintiff filed his original complaint alleging failure to

24    provide Plaintiff with treatment for neurological disorders, dementia, and post-traumatic stress

25    disorder (PTSD).  See EFC No. 1, 2.  Plaintiff also alleges in his third amended complaint that

26    Plaintiff is epileptic, forgetful, cognitively impaired, has hearing issues, and expresses bad

27    behavior because of a brain surgery-related personality disorder.  See EFC No. 57, 2.  According

28    to Plaintiff, prison officials are denying Plaintiff mental health treatment for these issues.  Id. at 4.

                                        1

1    Plaintiff claims that prison staff Defendants instigated Plaintiff's PTSD when

2    assaulting Plaintiff.  Id.  Plaintiff alleges the assault began when Plaintiff "felt the onset to a

3    seizure" and fell out of the wheelchair onto the floor.  Id.  Defendants Officer Doss and Officer

4    Spada then turned him over on his back, and an individual that Plaintiff refers to as "Asian

5    Nurse" (hereby referred to as "Nurse") then put his left knee in Plaintiff's right hand and

6    "shoved" his right knee into Plaintiff's abdomen.  Id. at 7-8.  Defendant Nurse also threatened to

7    push Plaintiff off his gurney.  Id. at 8.  As Plaintiff was still sitting up in the gurney regaining

8    consciousness from the seizure, Defendants Officers T. Camper, S. Perez, L Rabbon, M.

9    Hemenez, and S. Spaulding allegedly committed a "brutal terrorist beating" in an attempt to

10   murder Plaintiff.  Id. at 8, 11.  Later, another prison staff member notified Plaintiff that all

11   Defendants involved in the assault were fired after an FBI investigation.  Id. at 10.

12

13                              **II.  DISCUSSION**

14    The PLRA's "three strikes" provision, found at 28 U.S.C. § 1915(g), provides as

15   follows:

16    In no event shall a prisoner bring a civil action . . . under this section if the
      prisoner has, on three or more prior occasions, while incarcerated or
17    detained . . ., brought an action . . . in a court of the United States that was
      dismissed on the ground that it is frivolous, malicious, or fails to state a
      claim upon which relief may be granted, unless the prisoner is under
18    imminent danger of serious physical injury.

19    Id.

20   Thus, when a prisoner plaintiff has had three or more prior actions dismissed for one of the

21   reasons set forth in the statute, such "strikes" preclude the prisoner from proceeding in forma

22   pauperis unless the imminent danger exception applies.

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

2

1        In support of their motion to revoke Plaintiff's in forma pauperis status,

2   Defendants ask the Court to judicially notice five prior cases.  See ECF Nos. 116-1 (request for

3   judicial notice), 116-2 (Exhibits A through F).[1]  Notably, Defendants cite to the court's

4   determination in Tunstall v. Nappi, No. 2:21-cv-0308-EFB P, 2021 U.S. Dist. LEXIS 90919

5   (E.D. Cal. May 12, 2021), that Plaintiff had three or more strikes prior to filing the instant action

6   in 2016.

7        Notwithstanding three or more prior strikes, Plaintiff nonetheless may proceed IFP

8   if he was in imminent danger of serious physical injury at the time of filing suit.  See Andrews v.

9   Cervantes, 493 F.3d 1047, 1052-53 (9th Cir. 2007).  A prisoner may meet the imminent danger

10  requirement by alleging that prison officials continue with a practice that has injured him or

11  others similarly situated in the past, or that there is a continuing effect resulting from such a

12  practice.  See Williams v. Paramo, 775 F.3d 1182, 1190 (9th Cir. 2014).

13       At the time he filed the original complaint in this action, Plaintiff was still under

14  the authority of the guards who allegedly assaulted him.  Id. at 7-8.  Although Plaintiff was later

15  informed that Defendants Officers T. Camper, S. Perez, C. Rabbon, M. Hemenez, S. Spaulding,

16  and "Asian Nurse" were fired after the FBI investigated Plaintiff's assault, Plaintiff remains in

17  "imminent danger" for the purposes of 28 U.S.C.S. § 1915(g) because he was still under

18  Defendant's authority at the time of the original filing.  See Andrews, 493 F.3d at 1052-53.

19       In his opposition brief, Plaintiff also claims his life is still at risk because he is

20  suicidal and without mental health treatment.  EFC No. 123, 2.  Plaintiff states he attempted

21  suicide three times already, "wants to lay down and wake up from the daily horror of the thoughts

22  to get it over with and not wake up from sleep," and has "daily suicidal thoughts of wanting to

23  leave this world… wishing that someone would put a gun to Plaintiff's head and pull the trigger.

24  Id. at 2, 4.  Plaintiff then alleges that Defendant Staff Officer Sahota prevented medical staff from

25

26       [1]    **Error! Main Document Only.**The Court may take judicial notice pursuant to
    Federal Rule of Evidence 201 of matters of public record.  See U.S. v. 14.02 Acres of Land, 530
    F.3d 883, 894 (9th Cir. 2008).  Thus, this court may take judicial notice of state court records, see
27  Kasey v. Molybdenum Corp. of America, 336 F.2d 560, 563 (9th Cir. 1964), as well as its own
    records and those of other federal courts, see Chandler v. U.S., 378 F.2d 906, 909 (9th Cir. 1967).
28

attending to Plaintiff during a seizure and "threatened to spray Plaintiff with pepper spray that

could have caused Plaintiff's death or irreparable harm." Id. at 6.  Afterward, Plaintiff states his

life was further threatened when the prison housed Plaintiff with unpredictably violent "Level 4"

mentally ill prisoners, although Plaintiff himself is only a "Level 2" prisoner.  Id. at 12.

      Based on these considerations, this Court finds that Plaintiff fulfills the "imminent

danger" exception to the PLRA's three strikes provisions. Further, in the instant case the Plaintiff

suffered from untreated PTSD at the time of the original filing.  See Williams, 775 F.3d at 1190.

Although living with untreated PTSD does not generally entail "imminent danger," it is sufficient

in this case because Plaintiff's PTSD is a continued effect of the Defendant's injurious practice of

assault.  Id.; See Womack v. Baughman, No. 2:17-cv-2708 TLN KJN P, 2020 U.S. Dist. LEXIS

32226, at *12 (E.D. Cal. Feb. 25, 2020).

### III. CONCLUSION

      Based on the foregoing, the undersigned recommends that Defendant's motion to

revoke Plaintiff's in forma pauperis status, ECF No. 116, be denied.

      These findings and recommendations are submitted to the United States District

Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

after being served with these findings and recommendations, any party may file written objections

with the Court.  Responses to objections shall be filed within 14 days after service of objections.

Failure to file objections within the specified time may waive the right to appeal.  See Martinez v.

Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 1, 2022

_____

DENNIS M. COTA

UNITED STATES MAGISTRATE JUDGE